**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| GERONIMO JOSE CABELLO, *Plaintiff* | § § § | |
| v. | § | Case No. A-26-CV-01900-XR |
| | § | |
| QPS FLINT, LLC, ALFREDO RODRIGUEZ BETANCUD, INDIVIDUALLY AND AS REPRESENTATIVE OF QPS FLINT; AND D.L. PETERSON TRUST, *Defendants* | § § § § § § § | |

**ORDER**

On this date, the Court considered its jurisdiction over this case. A court has a duty to examine its subject matter jurisdiction and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Plaintiff Geronimo Jose Cabello filed suit in the 126th District Court of Travis County, Texas, bringing claims against Defendants QPS Flint, LLC, Alfredo Rodriguez Betancud, and D.L. Peterson Trust. ECF No. 1. Defendant timely removed the case to this Court, alleging diversity jurisdiction. *See* ECF No. 1.

Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery*, 243 F.3d at 919; *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). General allegations that a party is of diverse citizenship

from the opposing party, without factual specificity, are insufficient. *Mullins v. TestAmerica, Inc.*, 300 F. App'x 259 (5th Cir. 2008).

The citizenship of a limited liability company depends on the citizenship of all its members. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be traced through however many layers of members or partners there may be. *Muslow Land & Timber, Inc v. Chesapeake Exploration Ltd. P'ship*, No. 09-cv-0211, 2009 WL 367729 (W.D. La. Feb. 11, 2009).

Similarly, "when a plaintiff sues [a] statutory trust . . . , the citizenship of the trust is determined by looking to the citizenship of each of the trust's members." *Adams v. Bank of Am., N.A.*, No. A-17-CA-00646-SS, 2017 WL 5180325, at *2 (W.D. Tex. Nov. 7, 2017) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016)); *Contreras v. Wal-Mart Stores Texas, LLC*, No. 520CV00137JKPRBF, 2020 WL 10252055, at *1 (W.D. Tex. June 12, 2020) (same).

Defendant QPS Flint, LLC is an LLC, and Defendant D.L. Peterson Trust is a statutory trust. So, for diversity purposes, these Defendants' citizenship depends on their members'

citizenship. Yet Defendants have not alleged anything about these entities' members or those members' citizenship.

Title 28 of the U.S. Code, Section 1653, grants courts the authority and discretion to allow parties to cure defective allegations of jurisdiction. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010). Section 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties and the amount in controversy. *Id.* Defendants are therefore ordered to file an amended Notice of Removal that adequately alleges the citizenship of the parties so that the Court may determine whether there is complete diversity, no later than **August 18, 2026**. **Failure to do so may result in remand of this action by the Court without further notice.**

This Order addresses defects in subject-matter jurisdiction only, and it does not relieve Plaintiff of the obligation to raise any procedural defects in removal within the thirty-day timeline prescribed by § 1447(c), should Plaintiff desire to seek remand on the basis of a procedural defect.

It is so **ORDERED**.

**SIGNED** this 4th day of August, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE